IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| STEVEN WOLIN, | C/A No. 2:11-3304 DCN BHH |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN HANCOCK LIFE INSURANCE COMPANY, | |
| Defendant, | |
| vs. | |
| CHRISTINE F. PAONE, Individually and as Administrator of the Estate of Colleen F. Wolin | |

The above referenced case is before this court upon the magistrate judge's recommendation that defendant John Hancock Life Insurance Company be discharged of any further liability for the policy benefits at issue in this case and as a consequence of the death of the Decedent Colleen F. Wolin, plaintiff Steve Wolin, interpleader Christine F. Paone and the Estate of Colleen F. Wolin be permanently enjoined and restrained from instituting any action or proceeding any State or United States court against John Hancock Life Insurance Company for the recovery of the policy benefits payable as a consequence of the death of Colleen F. Wolin, and the claims against John Hancock Life Insurance Company in this matter be dismissed with prejudice.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend

for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1] **No objections have been filed to the magistrate judge's report and recommendation**.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** and defendant John Hancock Life Insurance Company is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that interpleader Christine F. Paone's motion to change venue is **GRANTED**. This action shall be transferred to the Western District of New York.

**IT IS FURTHER ORDERED** that the Clerk of Court for the District of South Carolina transfer the funds deposited in this case, including interest, to the Western District of New York.

**IT IS FURTHER ORDERED** that plaintiff Steven Wolin's motion to withdraw complaint is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**

September 11, 2012  
Charleston, South Carolina

David C. Norton  
United States District Judge

---

[1] In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure